IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
CASE NO. _____

ALICIA M. PETTETT, Individually and )
SHAWN PETTETT, her husband, )
 )
       Plaintiffs, )
 )
v. )   CIVIL ACTION NO. _____
 )
AUTO OWNERS )
INSURANCE COMPANY, a corporation, )
 )
       Defendant.

---

## DEFENDANT AUTO-OWNERS INSURANCE COMPANY'S NOTICE OF REMOVAL

---

**COMES NOW** Auto-Owners Insurance Company ("Auto-Owners"), defendant in the above-styled matter, by and through its undersigned counsel, pursuant to the provisions of 28 U.S.C. §§ 1332, 1441 and 1446, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, and hereby gives notice of the removal of this action from the Circuit Court Of The Fifteenth Judicial Circuit Of The State Of Florida, In And For Palm Beach County, Civil Division, to the United States District Court, Southern District of Florida, West Palm Beach Division.  In support thereof, Auto-Owners states as follows:

1.     On February 26, 2010, Plaintiffs Alicia Pettett and Shawn Pettett ("Plaintiffs") commenced this action by filing a complaint against Auto-Owners in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, Civil Division. Civil Action Number 50 2010 CA 006668XXXX MB, Civil Division.  The Circuit Court of the Fifteenth

Judicial Circuit in and for Palm Beach County, Florida, Civil Division, is a state court within this judicial district.

2.      The Chief Financial Officer for the State of Florida received service of process by mail on April 2, 2010, and a copy was forwarded by electronic delivery to Auto-Owners on April 7, 2010.

3.      In the Complaint, Plaintiffs allege that an insured of Auto-Owners assigned a claim to them, which is based upon Auto-Owner's alleged bad faith in settling a claim asserted by the Plaintiffs, who were third parties seeking recovery against Auto-Owners' alleged insured arising from an auto accident.  Plaintiffs seek, as a result of Auto-Owner's alleged conduct, a judgment against Auto-Owners for $986,080.50, plus costs, interest and attorneys' fees.  *See* Complaint, attached hereto as Exhibit "A".

**DIVERSITY JURISDICTION EXISTS OVER THIS ACTION**

4.      This case is properly removable pursuant to 28 U.S.C. § 1441, which provides in the pertinent part as follows:

> (a)  Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.  For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

> (b)  Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.  Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

5.      This action is properly removable under 28 U.S.C. § 1441(a) and (b) because the United States District Court has original jurisdiction of this case under 28 U.S.C. § 1332(a), as amended, which provides in pertinent part as follows:

(a)    The district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and cost, and is between -

(1)    citizens of different states. . .

6.    Plaintiffs are resident citizens of the State of Florida. *See* Complaint for Damages and Demand for Jury Trial, attached hereto as Exhibit "B".

7.    Auto-Owners is a mutual insurance company organized and existing under the laws of the State of Michigan, with its principal place of business in the State of Michigan. Therefore, Auto-Owners is a resident of the State of Michigan for diversity jurisdiction purposes. *See* 28 U.S.C. § 1332(c)(1).

8.    Accordingly, there is complete diversity among the parties.

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

9.    The amount in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs. In the Complaint, Plaintiffs seek to recover an excess judgment of $986,080.50 plus costs, attorneys' fees and interest.

10.    Therefore, the amount in controversy requirement of 28 U.S.C. § 1332 is satisfied.

## ADOPTION AND RESERVATION OF DEFENSES

11.    Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Auto-Owners' rights to assert any defense or affirmative matter.

## PROCEDURAL REQUIREMENTS

12.    This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

13.    Federal jurisdiction also exists under 28 U.S.C. § 1332, as this civil action is between citizens of different states, and the amount in controversy exceeds $75,000.

14.     True and correct copies of "all process, pleadings, and orders" are attached hereto as Exhibit "C" in conformity with 28 U.S.C. § 1446(a).  There are no other process, pleadings, or orders served upon Auto-Owners to date in this case.

15.     This Notice of Removal is filed within the time frame set forth in 28 U.S.C. § 1446.

16.     Auto-Owners has heretofore sought no similar relief.

17.     The United States District Court for the Southern District of Florida, West Palm Beach Division, is the court and division embracing the place where this action is pending in state court.

18.     Auto-Owners reserves the right to supplement its Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

19.     Contemporaneously with the filing of this Notice of Removal, Auto-Owners has filed a copy of same with the clerk of the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, Civil Division.  Written notice of the filing of this Notice of Removal has also been served upon the Plaintiffs.

**WHEREFORE, PREMISES CONSIDERED,** Auto-Owners prays that the Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, Civil Division, to the United States District Court for the Southern District of Florida, West Palm Beach Division.

Respectfully Submitted,


s/Briana  Montminy_____
Briana Montminy
Florida Bar No. 0579572
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
Email: bmontmin@burr.com
Attorney for Defendant Auto-Owners'
Insurance Company


## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by U.S. First Class Mail on this the 27th day of April, 2010:

Jeffrey M. Liggio
Liggio Benrubi
The Barristers Bulding, Suite 3B
1615 Forum Place
West Palm Beach, FL 33401



s/Briana  Montminy_____
OF COUNSEL

1824975 v1